IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARIO THOMAS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 12-2153-STA-cgc |
| QDOBA MEXICAN GRILL, | ) | |
| Defendant. | ) | |

ORDER CORRECTING THE DOCKET
AND
ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On February 24, 2012, Plaintiff Mario Thomas, a resident of Bartlett, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., accompanied by an application seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) On February 28, 2012, the Court denied the motion seeking leave to proceed in forma pauperis and directed Plaintiff to pay the civil filing fee. (D.E. 3.) On March 26, 2012, Plaintiff paid the filing fee. (D.E. 4.) The Clerk shall record the defendant as Qdoba Mexican Grill.

The general federal venue statute is inapplicable to Title VII actions.[1] Instead, Title VII contains its own venue provision, which provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. <u>Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice</u>, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

This case appears to have no connection to the Western District of Tennessee apart from Plaintiff's residence in this district at the time he filed the complaint. However, as the statute quoted above makes clear, the residence of the plaintiff has no bearing on the proper venue for a Title VII action. The complaint alleges that Plaintiff worked in DeSoto County, Mississippi, which is in the Delta Division of the Northern District of Mississippi. 28 U.S.C. § 104(a)(3).

Twenty-eight U.S.C. § 1406(a) states:

---

[1] By its terms, 28 U.S.C. § 1391(b) provides that the general federal venue statute is applicable "except as otherwise provided by law." See <u>Johnson v. Payless Drug Stores Nw., Inc.</u>, 950 F.2d 586, 587-88 (9th Cir. 1991) (per curiam) (28 U.S.C. § 1391 is inapplicable to Title VII actions, where 42 U.S.C. § 2000e-5(f)(3) applies).

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This action should have been brought in the Delta Division of the Northern District of Mississippi. Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Delta Division of the Northern District of Mississippi.

    IT IS SO ORDERED this 13th day of April, 2012.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE